IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

T'HEISHA CHANDLER,

    PLAINTIFF,

v.                                                      CIVIL ACTION NO.

SPEEDEE CASH OF                      2:16-cv-137
ALABAMA, INC.,

    DEFENDANT.

## COMPLAINT

**I. JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(3) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

**II. PARTIES**

2. Plaintiff, T'heisha Chandler, (hereinafter "Plaintiff") is a resident of Demopolis, Marengo County, Alabama, and performed work for the Defendant in the counties composing the Southern District of Alabama during the events of this

1

case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Southern, Northern Division.

3. Defendant SPEEDEE CASH OF ALABAMA, INC. (hereinafter "Defendant"), is a company registered and doing business in the State of Alabama. Therefore, this Court has personal jurisdiction over Defendants. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

### III. STATEMENT OF FACTS

4. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-3 above.

5. Plaintiff began work with Defendant on February 25, 2008.

6. Plaintiff's employment ended on March 2, 2016.

7. At the time of Plaintiff's termination, Plaintiff held the position of Store Manager at Defendant's store location of 305 Hwy. 80 W, Suite A, Demopolis, Alabama.

8. Plaintiff regularly worked over forty hours in a work week.

### IV. COUNT ONE – FLSA – Overtime Violations - Misclassification

9. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-8 above.

10. Until early January 2016, Defendant paid Plaintiff a salary in excess of $455 per week for the three years preceding the filing of this complaint,

11. Sometime during early January 2016, Defendant converted Plaintiff's pay from a salary to a hourly paid basis.

12. As a manager, Plaintiff worked with Rickeita Williams, and in some weeks supervised additional individuals.

13. Defendant employed Williams as an Assistant Manager.

14. During the three years preceding the filing of this complaint, Plaintiff worked a substantial number of weeks as a salaried employee, carrying the job title of Store Manager, in which she managed less than two people.

15. Defendant improperly classified Plaintiff as exempt from the overtime requirements of the FLSA for each work week Plaintiff held the title of Store Manager even though Plaintiff supervised fewer than two people during many weeks during which she was salaried and held the job title of Store Manager.

16. Defendant was not allowed to exempt Plaintiff under the executive exemption when Plaintiff supervised fewer than two people during a work week.

17. Defendant was not allowed to claim Plaintiff was exempt under the administrative exemption, as Plaintiff performed virtually the identical job duties to Ms. Williams, who held the job title of "Assistant Store Manager," and was the only other individual in the store.

18. Defendant is not entitled to the exemptions of either professional or sales, as Plaintiff did not have an advanced degree specialized to the work for which she performed for Defendant, nor did Plaintiff perform sales outside of the store location to which she was assigned.

19. Plaintiff and Ms. Williams ran a cash/title loan store in which they were usually the only two employees.

20. The store stayed open from 9:00 a.m. to 6:00 p.m. Monday through Friday and from 9:00 a.m. to 2:00 p.m. on Saturdays.

21. Plaintiff typically worked from 8:30 a.m. until after 6:00 p.m. Monday through Friday, and alternated with Ms. Williams in regard to working Saturdays, other than at the end of the month when Plaintiff and Williams both worked on Saturday.

22. Plaintiff typically worked over forty hours in a work week, but was not paid one and one-half times her regular hourly rate of pay for hours worked in excess of forty in a work week.

23. Plaintiff's primary job duty was to perform the same work as Ms. Williams, devoting virtually all of her work time to the performance of the exact same duties as Ms. Williams.

24. Defendant willfully and intentionally violated the FLSA by failing to classify Plaintiff as non-exempt during work weeks in which she did not work with more than one individual in violation of the FLSA.

25. As a result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged suffering loss of overtime pay.

V. COUNT TWO – FLSA – Overtime Violations – Fluctuating Work Week

26. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-25 above.

27. During approximately the last two months of Plaintiff's employment, Defendant classified Plaintiff as an hourly paid employee.

28. Plaintiff typically worked over forty hours in a work week as an hourly employee, as Plaintiff was the only employee at her store location from two weeks after her demotion until her termination of employment.

29. During the time frame of January through her termination, Plaintiff worked six days a week for a total of approximately 48 or more hours per week, but Defendant did not pay Plaintiff one and one-half times her regular hourly rate of pay for hours worked in excess of forty in a work week.

30. Plaintiff questioned why she was not receiving overtime pay at a premium rate of one and one-half times her regular hourly rate of pay and was told by her supervisor, Ebony Richardson, that Defendant paid "Chinese overtime."

31.     Defendant did not pay Plaintiff in accord with 29 C.F.R. § 778.114 (Fixed Salary for Fluctuating Hours), as there was no reasonable expectation that Plaintiff would work less than forty hours in a work week and be paid for at least forty hours in a work week due to the fluctuating nature of the business.

32.     Defendant stationed Plaintiff in the store alone and required her to maintain the store hours of being open from 9:00 a.m. to 6:00 p.m. Monday through Friday and from 9:00 a.m. to 2:00 p.m. on Saturdays.

33.     With no one to relieve her, there was no reasonable basis upon which Defendant could believe that the fluctuating work method for calculating overtime could be used in accordance with the FLSA to ensure that Plaintiff was fully compensated for all hours worked as required by the FLSA.

34.     Defendant willfully and intentionally violated the FLSA by failing to pay Plaintiff one and one-half times her regular hourly rate of pay for all hours worked in excess of forty in a work week.

## V.     PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.     The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B.   This Court award Plaintiff the amount of her back overtime pay, plus an additional equal amount as liquidated damages; compensatory damages; nominal damages; and special damages;

C.   That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D.   For such other and further relief as this Court deems equitable, proper and just.

_/s/ David R. Arendall_
David R. Arendall

_/s/ Allen D. Arnold_
Allen D. Arnold

OF COUNSEL:
ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office
205.252.1556 – Facsimile

**SERVE DEFENDANTS AT:**

Speedee Cash of Alabama, Inc.
c/o Agent for Service of Process
Ebony Richardson
642 South Alabama Avenue
Monroeville, AL 36460